IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTOPHER FITZPATRICK : | |
| : | |
| v.   : | Civil No. CCB-11-2202 |
| : | |
| GLENN B. ALLYN, AHM MANAGEMENT, : | |
| INC., ALLYN HAUSNER & MONTANILE, : | |
| HAUSNER & MONTANILE LLP, : | |
| LESLIE HAUSNER, JOSEPH MONTANILE, : | |
| ET AL. : | |

## MEMORANDUM

Plaintiff Christopher Fitzpatrick has brought suit against his former attorneys Glenn B. Allyn, Leslie Hausner, and Joseph Montanile, as well as their law firm and a company associated with Mr. Allyn. The suit includes claims of breach of contract, breach of fiduciary duty, negligence, legal malpractice, fraud, misrepresentation, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendants filed answers and subsequently filed Fed. R. Civ. P. Rule 12(b)(3) motions to dismiss for improper venue or, in the alternative, to transfer pursuant to 28 U.S.C. §1404. No hearing is necessary. *See* Local Rule 105.6. For the following reasons, this case will be transferred to the United States District Court for the Southern District of New York.

## BACKGROUND

The claims at issue arise from plaintiff's divorce proceedings in New York state court.

1

On May 7, 2007, the plaintiff signed a retainer agreement with the defendant law firm of Allyn, Hausner & Montanile, whose partners represented the plaintiff in divorce and post-divorce judgment proceedings until April 2010. During this time period, plaintiff alleges the defendants failed to timely respond to motions, discovery demands and correspondence from opposing counsel; lost documents; filed inappropriate motions; failed to properly bill and keep accounts; exercised poor ethical judgment; and failed to take proper remedial actions.

Defendant Glenn B. Allyn was disbarred by the State of New York on April 22, 2010. Subsequently, according to the plaintiff, Hausner & Montanile LLP agreed to represent the plaintiff in ongoing matters. However, according to the plaintiff, the firm and its remaining partners, Leslie Hausner and Joseph Montanile, then failed to timely respond in court proceedings and "decided to unilaterally stop work on the plaintiff's case without the plaintiff's consent or a court order." (Compl. ¶ 15.) Plaintiff filed a grievance and a request for fee arbitration against the defendants in New York state court Ninth Judicial District. The complaint proceeded to an arbitration panel, and a decision was made there for the plaintiff on March 17, 2011, and later confirmed in a ruling in New York state court on May 11, 2011.

Proceeding *pro se*, the plaintiff filed the instant action in the U.S. District Court for the District of Maryland on August 10, 2011. The complaint names as defendants each individual partner of Allyn, Montanile & Hausner; the law firm itself; the firm as now incorporated, Hausner & Montanile LLP;[1] and a business owned by Allyn, AHM Management Inc.[2] It also names a John Doe member of Allyn's family and a John Doe corporation. The complaint alleges this court has diversity jurisdiction over the matter because the plaintiff is now a resident of the

---

[1] Defendants note the law firm should be properly sued as Hausner & Montanile PLLC.
[2] Mr. Allyn suggests the company is also incorrectly named, and that plaintiff's intent was to sue a company named A& H Capital Management Group, Inc. (ECF No. 22, at 1–2.)

2

State of Maryland and all of the defendants are residents of the State of New York. In the complaint, the plaintiff demands compensatory and punitive damages totaling $15,000,000. He also demands equitable relief ordering the defendants to refrain from threatening the plaintiff with legal actions related to the claims of defamation, among others, that were allegedly dismissed with prejudice in the New York state court decision affirming the arbitration award.

Subsequent filings have been somewhat disorganized and confusing. Between October 18 and October 24, 2011, the defendants individually filed answers. Joseph Montanile, Leslie Hausner, and Glenn B. Allyn each filed answers *pro se*. Mr. Montanile and Ms. Hausner also filed answers as counsel on behalf of the law firm defendants and AHM Management. On October 27, 2011, the plaintiff filed a motion for summary judgment. On November 2, 2011, Mr. Allyn filed a 12(b)(3) motion to dismiss for improper venue. Mr. Allyn filed the motion on his own behalf as well as on behalf of AHM Management. Because Mr. Allyn lacked bar certification, however, his motion to dismiss on behalf of AHM Management was improperly filed. Maryland local rules limit corporations from filing documents *pro se*. *See* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel.").

On November 4, 2011, the court temporarily stayed proceedings for scheduling purposes and to address questions of representation. Nonetheless, on November 7, 2011, Mr. Montanile filed a 12(b)(3) motion to dismiss on behalf of himself and the two law firms, though not on behalf of his law partner and wife, Ms. Hausner. The motion was refiled on November 10, 2011, this time on behalf of Mr. Montanile and Ms. Hausner and both law firms, and this time with the assistance of local counsel. (ECF No. 25.) On November 14, 2011, the court lifted the stay for the purpose of allowing the plaintiff to respond to the motions to dismiss. Plaintiff filed a

response to defendants Montanile and Hausner, and he filed a separate response to defendant Allyn. Mr. Allyn filed a reply.

## ANALYSIS

"The appropriate venue of an action is a procedural matter that is governed by federal rule and statutes." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) (citing Fed. R. Civ. P. 12(b)(3), 28 U.S.C. § 1391, and 28 U.S.C. § 1406(a)). A defendant may move to dismiss an action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). In the Fourth Circuit, "when venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 679–80 (D. Md. 2010).

Contrary to Mr. Fitzpatrick's contention, the defendants did not waive their objections to improper venue, nor did they file the 12(b)(3) motions in an untimely manner. "To avoid waiving the right to challenge venue, a party must either raise an objection in the answer or move to dismiss the case for improper venue under Federal Rule of Civil Procedure 12(b)(3)." *Broad. Co. of the Carolinas v. Flair Broad. Corp.*, 892 F.2d 372, 378 (4th Cir. 1989), *superseded on other grounds by statute*, 28 U.S.C. § 1391. Here defendants raised objections to improper venue in their answers and filed 12(b)(3) motions within a month after the answers. *See Shaw v. United States*, 422 F. Supp. 339, 341 (S.D.N.Y. 1976) (holding a motion to dismiss was not untimely when filed ten months after an answer that had alleged improper venue).[3]

---

[3] As discussed above, the motion to dismiss filed on behalf of AHM Management was filed in violation of this court's local rules. Unlike the other defendants, AHM Management therefore has not properly answered the complaint or raised an objection to venue. For the court to transfer this case, however, it is not necessary that all defendants appropriately object to venue or even that venue be found improper as to all defendants. *Cf. Miller v. Asensio*, 101 F. Supp. 2d 395, 409 (D.S.C. 2000) (discussing the merits of transfer over severance where venue was proper as to corporate, but not individual, defendants).

4

Where, as here, the court's jurisdiction is founded solely on diversity of citizenship, venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).[4]  And, in the context of § 1391, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).[5]

Both subsection 1391(b)(1) and subsection 1391(b)(2) suggest venue in this case would be proper in the Southern District of New York.  All of the defendants reside in New York, and the plaintiff does not allege any part of the events giving rise to the claim took place outside of New York.  Because venue would be proper in New York, subsection 1391(b)(3) is inapplicable and venue is therefore not proper in Maryland—even if AHM Management is subject to personal jurisdiction in Maryland, as plaintiff appears to allege.[6]  *See FS Photo, Inc. v. PictureVision, Inc.*, 48 F. Supp. 2d 442, 448 (D. Del. 1999) ("[S]ection 1391(b)(3) may only be utilized if there is no

---

[4] The plaintiff does not argue, and therefore this court does not address, any argument that venue is proper under 18 U.S.C. § 1965 because of plaintiff's civil RICO Act claim.

[5] The general venue statute, 28 U.S.C. §1391, was amended on December 7, 2011, and the new language took effect on January 6, 2012.  Because this suit was filed before January 6, 2012, the court applies the prior version of the statute.  In any case, the amendments to § 1391 would not affect this analysis.

[6] Plaintiff alleges, on information and belief, that AHM Management is "doing business in . . . Maryland" as well as New York  (Id. at ¶ 6.)  While there is no indication the suit arises from AHM's alleged contacts in Maryland, this court still might establish personal jurisdiction over AHM Management if the company's contacts with the state of Maryland are sufficiently "continuous and systematic" as to afford the court general jurisdiction. *ESAB Grp. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–15 (1984).  Plaintiff does not provide any specific facts to support the allegation regarding AHM Management's business in Maryland, and instead he requests discovery to determine whether minimum contacts exist.  Discovery would be futile, however.  Whether this court has personal jurisdiction over AHM Management is irrelevant because New York would still be a proper venue under either subsection 1391(b)(1) or 1391(b)(2), and therefore the plaintiff would still be precluded from availing himself of subsection 1391(b)(3).

other district which would have both personal jurisdiction and venue as to all defendants.").

Having determined that venue is improper in the District of Maryland, the court has the discretion to either dismiss the case or transfer it to another district court pursuant to 28 U.S.C. § 1406(a). *See Benton v. England*, 222 F. Supp. 2d 728, 731 (D. Md. 2002). Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In deciding whether dismissal or transfer is in the "interest of justice," the court considers the "general purpose [of section 1406(a)] . . . of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). And, in particular, the "central inquiry for transfer is the effect on the plaintiff, which is the crux of a § 1406(a) analysis." *The Hipage Co. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 611 (E.D. Va. 2008) (citing *Goldlawr*, 369 U.S. at 466).

While Mr. Fitzpatrick has made clear he would rather litigate this case in the District of Maryland, 28 U.S.C. § 1391(b) prevents him from doing so. Either this case can be dismissed and Mr. Fitzpatrick will have to refile it in New York, or the court can transfer the case to New York at this juncture. By transferring the case, the court saves Mr. Fitzpatrick the additional filing costs. *See Varma v. Gutierrez*, 421 F. Supp. 2d 110, 115 (D.D.C. 2006) (holding dismissal, which causes refiling, would be "needlessly duplicative and costly"). Transfer also will save defendants the attorney fees and time required to refile their answers, and it will benefit all parties by resulting in a more timely adjudication on the merits. The interest of justice thus militates for transfer to the U.S. District Court for the Southern District of New York, wherein all

of the defendants reside, the underlying events took place, and, as a result, venue will be proper pursuant to 28 U.S.C. § 1391(b).

## **CONCLUSION**

For the foregoing reasons, the defendants' motions to dismiss will be treated as motions to transfer and will be granted.

A separate order follows.

February 1, 2012                                          /s/
Date                                                            Catherine C. Blake
                                                                   United States District Judge